**Robert N. CUTTER, d/b/a Cutter Kirby Co., Plaintiff,**

v.

**The SCOTT & FETZER COMPANY, Kirby Company Division, Defendant.**

No. 80–C–1154.

United States District Court, E. D. Wisconsin.

March 27, 1981.

906

Davis, Kuelthau, Vergeront, Stover, Werner & Goodland by David W. Neeb and Ross F. Plaetzer, Milwaukee, Wis., for plaintiff.

Quarles & Brady by Thomas W. Ehrmann & Joan P. Clark, Milwaukee, Wis., for defendant; Jones, Day, Reavis & Pogue by Barry L. Springel and Irving Berger, Cleveland, Ohio, of counsel.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Presently before me is the defendant's motion to transfer this action pursuant to 28 U.S.C. § 1406(a) and Rule 12(b)(3), Fed-

eral Rules of Civil Procedure. The plaintiff is a distributor of the defendant's products in the area of Fond du Lac, Wisconsin. In the fall of 1980, the defendant terminated the distributor's agreement it had with the plaintiff. The plaintiff contends that the termination violates the Wisconsin Fair Dealership Law, Wis.Stat. § 135.01 *et seq.* The plaintiff filed suit in circuit court for Fond du Lac County, Wisconsin; the defendant subsequently removed the action to this court.

The defendant moves to have this action transferred to the United States district court for the northern district of Ohio, eastern division. The defendant bases its motion of paragraph 8 of the distributor's agreement between the parties, which provides:

> "In the event Distributor commences any legal action against the Company arising out of or related in any manner to this Distributor Agreement or to the relationship and/or dealings between the Distributor and the Company, such action shall be brought solely in the United States District Court for the Northern District of Ohio, Eastern Division or the Court of Common Pleas, Cuyahoga County, Ohio."

Forum-selection clauses of this type are enjoying increasing acceptance in American courts.

> "Forum-selection clauses have historically not been favored by American courts.... Although this view apparently still has considerable acceptance, other courts are tending to adopt a more hospitable attitude toward forum-selection clauses. This view ... is that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *E.g., Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341 (CA 3 1966) [other citations omitted]. We believe that this is the correct doctrine to be followed ... in admiralty." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 9–10, 92 S.Ct. 1907, 1912, 1913, 32 L.Ed.2d 513 (1972).

In *Central Contracting,* the court of appeals for the third circuit held that a forum-selection clause "should be respected as the responsible expression of the parties so long as there is no proof that its provisions will put one of the parties to an unreasonable disadvantage and thereby subvert the interests of justice." *Central Contracting, supra,* at p. 345.

As *The Bremen, supra,* states, the resisting party must show that this type of clause should not be enforced. The plaintiff has put forward four arguments in opposition to the defendant's motion; I find the latter two to have merit.

The plaintiff argues that "the forum selection contract is unconscionable and should not be enforced by this court." The Court in *The Bremen* stated that there were compelling reasons in that case why such a clause, "unaffected by fraud, undue influence, or overweening bargaining power ... should be given full effect." *The Bremen, supra,* 407 U.S. at 12–13, 92 S.Ct. at 1914–1915. Among these reasons were the extraordinary nature of the transaction, involving as it did the towing of a drilling barge from the Louisiana coast to the Adriatic Sea. The forum-selection clause also had the effect of providing a neutral, specified forum for the adjudication of disputes, thereby eliminating any uncertainties. The Court further stated:

> "There is strong evidence that the forum clause was a vital part of the agreement, and it would be unrealistic to think that the parties did not conduct their negotiations, including the fixing of monetary terms, with the consequences of the forum clause figuring prominently in their calculations." *The Bremen, supra,* at 14, 92 S.Ct. at 1915.

■ None of the factors mentioned by the Supreme Court are present in the case at bar. This transaction is not extraordinary, nor is there any intimation that the parties need to ensure a neutral forum for the adjudication of the disputes between them. This court should constitute a neutral forum, no different from the district court in Ohio. I think it is safe to assume

that the forum-selection clause is in the contract for the convenience of the defendant, and for no other reason.

A copy of the distributor's agreement is attached to the defendant's answer as Exhibit L. Even a cursory examination of this agreement reveals that it is a form contract, unmodified by any bargaining between the parties. The agreement is a six page printed form. Blanks are provided at the top of the first page to permit entry of the distributor's name. The plaintiff's name and other pertinent data are handwritten in the appropriate blanks. The contract provides choices to describe the nature of the distributor's business; in this agreement "sole proprietorship" is circled. There are two attachments to the agreement. The first is described as an "important policy statement." This attachment is also a printed form; there are no modifications at all. The second attachment is another form, described as "Exhibit A." On this form, the territory the plaintiff is assigned is typed in.

█ The forum-selection clause is contained within the six pages of single-spaced boilerplate language. It comprises the second paragraph of paragraph eight of the agreement. Paragraph eight is entitled "Distributor Remedies"; the first paragraph of paragraph eight is a lengthy restriction of the distributor's rights against Kirby.

I find no indication that this portion of the contract was freely bargained between the parties. The defendant has argued that the plaintiff is a businessman and earns considerable sums of money from his business. These factors have nothing to do with whether the forum-selection clause was freely bargained for by the parties. Under the Fair Dealership Law, the defendant is assumed to have inherently "superior economic power and superior bargaining power in the negotiation of dealerships." Wis.Stat. § 135.025(2)(b). I find no support for the view that this clause was "a vital part of the agreement"; nor do I find that the parties engaged in any bargaining over the clause. See *Arenson v. Dorsett Two-*

*Seventy, Inc.,* Case No. 80–C–1063 (E.D. Wis., filed January 23, 1981).

█ Whether this factor alone would be enough for the plaintiff to carry his burden I do not consider, for the plaintiff has made a second argument which I find cogent when considered in conjunction with the above discussion. The plaintiff contends that public policy favors retention of this suit in this district. The plaintiff bases this argument on the nature of this action.

The plaintiff asserts two causes of action: (1) that the termination was without "good cause," and (2) that the technique used by the defendant in terminating the plaintiff violated several provisions of the Fair Dealership Law. The plaintiff argues that public policy favors the right to maintain this litigation in this district. I agree.

The Fair Dealership Law is intended "to promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis." Wis.Stat. § 135.025(2)(a). The statute that Wisconsin enacted to achieve this end is rather intricate. Its sections build one upon another to create a framework to protect dealers while permitting franchisors freedom to terminate those dealers undeserving of the statute's protection. The statute has been subjected to modification by the legislature and has been the subject of substantial judicial gloss by both the state and federal courts of this state.

It is likely that a court in this district is better prepared to consider a case under the Fair Dealership Law than is a court in Ohio. This conclusion is by no means intended to disparage the latter's competence or impartiality. However, the experience of a Wisconsin judge with this statute is probably greater than that of any judge in Ohio.

The defendant has argued that this very forum-selection clause was enforced in a case brought in Maryland. *Garay v. The Scott & Fetzer Co., Kirby Company Division,* No. H–79–868 (D.Md. filed November 15, 1979). In *Garay,* the court determined that the plaintiff was a sufficiently experi-

enced businessman that he should have been aware of the import of the forum-selection clause. The *Garay* plaintiff had also brought several claims, only one of which was based on Maryland law. The court noted: "[I]t is quite clear that the Distributor Agreement and its construction and implementation are at the very heart of the dispute between the parties." *Garay, supra*, slip op. at 5–6. The common law claims regarding the issues the court deemed to be central to the claim were governed by Ohio law. Thus *Garay* presents a different situation from the case at bar, where a substantial portion of the plaintiff's action is governed by a Wisconsin statute which was enacted to protect the interests of persons such as the plaintiff.

I am mindful of the fact that forum-selection clauses have met with approval in Wisconsin courts. As early as 1939, the Wisconsin supreme court held that such a clause did not violate Wisconsin public policy. *State ex rel. Kuhn v. Luchsinger*, 231 Wis. 533, 286 N.W. 72 (1939). However, a general policy of approval of forum-selection clauses does not necessarily govern the result in this case. The Fair Dealership Law is to "be liberally construed and applied to promote its underlying remedial purposes and policies." Wis.Stat. § 135.-025(1). Its purpose is to provide a remedy to a dealer beyond that which he would have at the common law, Wis.Stat. § 135.-025(2)(c). In addition, the effect of the Fair Dealership Law "may not be varied by contract or agreement." Wis.Stat. § 135.-025(3).

If there is in fact a conflict between these two policies in Wisconsin, I am prepared to find that the general endorsement of forum-selection clauses must yield to the legislature's specific pronouncements regarding dealerships. However, I do not believe that a true conflict is present, for a general endorsement of forum-selection clauses does not preclude refusal to enforce one when the situation is not appropriate to do so.

The defendant has also argued that the Ohio forum is not so inconvenient for the plaintiff that transfer would be inappropriate under 28 U.S.C. § 1404(a). The defendant also argues that most of its witnesses are in Ohio, as is considerable documentary evidence. Consideration of the criteria relevant to a motion under section 1404(a) is an accepted procedure when evaluating a forum-selection clause. *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 74 (S.D.N.Y.1978). However, the criteria here are evenly balanced. The plaintiff's witnesses are presumably all located in this district, as are whatever records he might wish to produce. The defendant would be put to no unreasonable expense or inconvenience if it were required to litigate this suit in this district. The defendant would not be prejudiced if the action remained here; it has retained local counsel who are fully capable of protecting the defendant's interests.

In summary, I am persuaded that it would be unjust to require the plaintiff to pursue this action in Ohio. I make this determination fully aware of the nature of the forum-selection clause when considered in conjunction with the nature of the plaintiff's claims. I do not presume to hold that a clause of this type will never be upheld when contained in a contract of this nature, nor do I hold that a claim based on the Fair Dealership Law can only be litigated in a Wisconsin court. However, when the circumstances of this case are considered in totality, I find that the better course is to refuse to apply the forum-selection clause contained in the contract between the parties.

Therefore, IT IS ORDERED that the defendant's motion to transfer be and hereby is denied.