**ALOHA LEASING, A DIVISION OF the BENNETT FUNDING GROUPS, INC., Plaintiff,**

v.

**CRAIG GERMAIN COMPANY, Craig Germain, Davidson Development, Inc., JRJ Construction, Inc., Craig Germain Company Realtors, Interior Plan, Inc., Reserve Mortgage Corporation, Property Income Management, Inc., Howe Builder Service and Warranty, Inc., Germain Business Brokerage, First Southwest Real Estate Securities, Inc., Tropic South, Inc., Defendants.**

No. 85–CV–1217.

United States District Court, N.D. New York.

July 16, 1986.

Stewart Weisman and Melvin & Melvin (Kenneth J. Bobrycki, of counsel), Syracuse, N.Y., for plaintiff.

Cadwalader, Wickersham & Taft (H. Peter Haveles, of counsel), New York City, and Bond, Schoeneck & King (George H. Lowe, of counsel), Syracuse, N.Y., for defendants.

### MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

This action arises out of a series of business transactions between plaintiff Aloha Leasing ("Aloha") and defendant Craig Germain Company ("Germain") negotiated and consummated in late 1984 and early 1985. Specifically, Aloha is seeking to enforce its rights under several equipment leases and a credit agreement whereby Aloha loaned approximately $800,000 to Germain. The loans in question are evidenced by two promissory notes which are guaranteed by all of the other defendants in this action. Aloha has also asserted claims against the defendants alleging fraud, securities violations, and RICO violations.

Aloha commenced this action on September 9, 1985, by filing a complaint. Service of the summons and complaint was made on the defendants on September 19, 1985.

Three days prior to said service, Germain commenced an action against Aloha in state court in Texas alleging, *inter alia,* that Aloha had breached an agreement to loan Germain $1,300,000 under the same agreements that gave rise to Aloha's claims in this action. Soon after commencement of Germain's action in Texas (the "Texas action"), Aloha removed the case to the United States District Court for the Northern District of Texas. At the present time, Aloha's motion to transfer the Texas action to this Court or to stay that action pending resolution of this action is pending before the Texas court.

Similarly, this Court now has before it a motion by the defendants to transfer this action to the Northern District of Texas or to stay this action pending resolution of the Texas action.[1] Both the plaintiff and the defendants concede that the issues raised in the New York and the Texas actions are essentially identical. The defendants contend, however, that the Northern District of Texas is a more appropriate forum for the resolution of this controversy because almost all of the prospective witnesses in this case reside there. Moreover, Germain maintains that because of financial difficulties, it is unable to defend against Aloha's claims in this Court.

Aloha disputes each of these contentions. More importantly, however, Aloha opposes the defendants' motion on the grounds that the agreements between Aloha and Germain contain a choice of forum provision designating either the New York State Supreme Court for Onondaga County or the United States District Court for the Northern District of New York as the forum for the resolution of disputes arising out of the transaction between Aloha and Germain.[2]

---

1. The defendants also moved to dismiss Counts XIV, XV and XIX of the Amended Complaint. By Stipulation and Order dated November 21, 1985, the plaintiff agreed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure to voluntarily withdraw those counts with prejudice. Thus, the defendants' motion to dismiss is no longer before the Court.

2. The promissory notes evidencing Germain's indebtedness to Aloha provide as follows:

> In any action to enforce this Note, personal jurisdiction and venue shall be at PAYEE's option in the Supreme Court of the State of New York, County of Onondaga, or in the United States District Court for the Northern District of New York.

Affidavit of Craig Germain in Support of Defendants' Motion, Exh. E. Contrary to the de-

Aloha maintains that this provision is binding upon the defendants regardless of the difficulty they might encounter defending this action before this Court. The defendants vigorously contest this issue and assert that it would be unreasonable and unfair for this Court to enforce the choice of forum provision contained in the "form" agreement between Aloha and Germain. For the reasons set forth below, this Court concludes that under the circumstances present herein, the choice of forum provision contained in the parties' agreement should be honored. Accordingly, the defendants' motion is denied in its entirety.

### DISCUSSION

Prior to the Supreme Court's decision in *The Bremen v. Zapata Off-Shore Co*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), contractual choice of forum provisions were generally disfavored by the courts. In *The Bremen*, the Supreme Court upheld a choice of forum provision in the context of an admiralty controversy arising under an agreement between two international corporations. *Id.* at 13–15, 92 S.Ct. at 1914–16. The Court's reasoning in that case has since been extended beyond the scope of admiralty cases and the rule currently applied in this Circuit is as follows:

Agreements entered into by knowledgeable parties in an arm's-length transaction that contain a forum selection provision are enforceable absent a showing of fraud, overreaching, unreasonableness or unfairness.

*City of New York v. Pullman, Inc.*, 477 F.Supp. 438, 441 n. 10 (S.D.N.Y.1979). *See also Bense v. Interstate Battery System of America, Inc.*, 683 F.2d 718 (2d Cir.1982); *Dukane Fabrics International, Inc. v. Jugolinija*, 600 F.Supp. 202 (S.D.N.Y.1985); *Continental Grain Export Corp. v. Ministry of War-Etka Co., Ltd.*, 603 F.Supp. 724, 729 (S.D.N.Y.1984); *General Development Corp. v. Thomas W. Starke & Associates,*

*Inc.*, Docket No. 77–CV–138, slip op. (N.D. N.Y. May 22, 1979) (Munson, D.J.).

■ In the present case, the agreements between Aloha and Germain contain a provision designating either the New York State Supreme Court for Onondaga County or the United States District Court for the Northern District of New York as the forum for the resolution of disputes arising under the parties' agreement. Both Aloha and Germain are sophisticated corporate entities that conduct substantial amounts of business, including the transactions at issue in this case. When two corporate entities like Aloha and Germain agree in an arm's length transaction that disputes arising under their agreement will be resolved in a particular forum, that agreement should be honored in the absence of a showing of fraud, overreaching, unreasonableness or unfairness.

■ The defendants do not maintain that they were defrauded by Aloha. Their primary contention is that it would be unreasonable and unfair to require them to defend this action in the Northern District of New York. In this regard, Germain, the principal defendant, maintains that as a result of the events giving rise to this lawsuit, it is in the midst of severe financial problems which make it virtually impossible for it to defend this action some 1,500 miles from its center of operations in Texas. In addition, the defendants contend that the transactions at issue occurred in Texas, the majority of witnesses reside in Texas, and the relevant documentary evidence is located in Texas. Finally, Germain claims that with regard to the forum selection provision, it was overreached in its negotiations with Aloha because of Aloha's superior financial position and its insistence on the inclusion of the clause in the parties' agreement. It is the defendants' position that all of these facts militate

---

fendants' assertion, this provision constitutes an agreement to litigate exclusively in either of two forums, the choice of the particular forum being left to the discretion of Aloha. *Cf. Coface v. Optique Du Monde, Ltd.*, 521 F.Supp. 500, 506–

07 (S.D.N.Y.1980) (contracting party's consent to jurisdiction in a particular forum was not a consent to venue lying exclusively within that same forum).

against this case being litigated before this Court.

Were this Court applying a traditional change of venue analysis, it might be more persuaded by the defendants' arguments. In this case, however, the parties have previously agreed that disputes arising under their agreement will be resolved in either this Court or the local state court. The defendants have failed to demonstrate that they will not receive a full and fair hearing in this district. *Cf. Rockwell International Systems, Inc. v. Citibank, N.A.*, 719 F.2d 583, 587–88 (2d Cir.1983) (post-revolutionary Iranian judicial system would not afford an adequate remedy). Moreover, their allegations of compelling hardship, financial or otherwise, are unsubstantiated. If anything, the record in this case indicates that regardless of the forum where this action proceeds, some hardship will befall one party or the other simply by virtue of the fact that the parties are headquartered in different parts of the country.[3] Under these circumstances, there is nothing unreasonable or unjust about holding Germain to its agreement. *Cf. Leasing Service Corp. v. Broetje*, 545 F.Supp. 362, 369–70 (S.D.N.Y.1982).

In the *Leasing Service* case, Leasing Service Corporation ("LSC"), the assignor of a lease of a water well drilling rig, was suing to recover the unpaid balance of the lease, late charges and attorney's fees. The rig was originally leased by LSC's assignor to defendant Don Chappel who later transferred the lease to defendant Ralph Broetje. When Broetje failed to make required payments, LSC repossessed the rig and sold it at an auction. It then brought suit in the Southern District of New York to recover the deficiency from Broetje, Chappel, and the individual guarantors of the original lease, each of whom approved the transfer of the lease to Broetje. All of the defendants were residents of either the State of Washington or Idaho. Soon after commencement of the action, they moved to transfer venue to the Eastern District of Washington. LSC opposed the motion on the basis of a forum selection clause in the original lease.

In granting the defendants' motion and refusing to enforce the choice of forum provision, the court noted that there was nothing about the entire transaction that would have alerted the defendants that disputes arising under the lease would be litigated in New York, some 3,000 miles away. Neither the lease, the transfer agreement, nor any communications with LSC indicated that LSC was a New York corporation. LSC negotiated the lease and dealt with the defendants through its office in Portland, Oregon. Moreover, Broetje, the assignee of the lease, never saw the original lease containing the forum selection provision. In light of these facts, the court concluded that it would be unreasonable and unjust to enforce the parties' agreement.

In the view of this Court, *Leasing Service* bears little resemblance to the present case. In this case, Germain, the principal in the agreements with Aloha, unlike the lessee in *Leasing Service*, cannot claim a lack of knowledge of the terms of its agreements or their effect. It was fully aware that Aloha was headquartered in New York and is presumed to have had knowledge of the terms of its agreement with Aloha. Therefore, Germain had every reason to expect that any litigation arising under its agreements with Aloha would take place in this Court or the local state court. In addition, this litigation bears a substantial relationship to this district. Aloha's principal place of business is within this district as are three of its prospective witnesses[4] and some of its documentary

---

**3.** Like Germain, Aloha claims that it has incurred financial difficulties as a result of the transactions at issue. As a result, it claims that it would be unable to pursue this litigation in Texas.

**4.** Although the defendants have identified thirteen witnesses whose testimony they deem relevant to this action, the Court is not convinced that the factor of witness convenience weighs heavily in favor of this action being transferred to Texas. Witness convenience is evaluated in light of both the quantity of witnesses on each

evidence. The agreements between Aloha and Germain were also negotiated and signed by Aloha in this district. By contrast, the dispute between the parties in *Leasing Service* was connected to the plaintiff's choice of forum solely by virtue of the forum selection provision. For all of these reasons, the defendants' reliance on the *Leasing Service* case is misplaced.

Similarly off the mark is Germain's contention that it was overreached by Aloha with regard to the forum selection provision. Germain's argument is that Aloha possesses greater financial resources and strength than does Germain, that the forum selection provision is part of Aloha's form agreement, and that Aloha will not omit the forum selection provision from its agreements under any circumstances. On the basis of these facts, Germain claims that it was overreached.

There is nothing in the record before the Court to support the claim that Aloha possesses financial resources and strength that are far superior to Germain's. On the contrary, it appears that Germain and Aloha possess relatively equal bargaining power. Furthermore, the mere fact that the forum selection provision is part of Aloha's form agreement is insufficient, in and of itself, to compel the conclusion that the provision was not bargained for. "The true inquiry in examining whether a choice of forum clause is enforceable should not be the formal appearance of the contract but whether the party claiming the clause's invalidity was aware of the provision, could have objected at the time, and had the means of doing so." *Rini Wine Co. v. Guild Wineries and Distilleries,* 604 F.Supp. 1055, 1058 (N.D.Ohio 1985). The defendants do not contend that they were not aware of the forum selection clause, and to the extent that they claim that they could not object to the clause or did not have the means to do so, their contentions are untenable. Accordingly, the forum selection provision should be enforced.[5]

■ Having determined that the defendants' motion to transfer this action to the Northern District of Texas should be denied, the Court must now determine whether this action should be stayed pending the outcome of the Texas action. As noted above, the Texas action, which is now pending in the Northern District of Texas, was commenced by Germain one week after the commencement of this action. In that case, Germain claims that it has been ruined financially as a result of Aloha's breach of the same agreements at issue in this case. Aloha has asserted counterclaims against Germain which mirror its claims herein. In lieu of transferring this case to Texas, the defendants request that this Court stay this action so that the parties can proceed in Texas, the forum which the defendants claim is most appropriate for the resolution of this controversy.

When actions arising out of the same facts and involving the same parties are commenced in two different districts, the district where the action is filed first is

---

side of the case and the nature of the witnesses' testimony. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3851, at 424–27 (2d ed. 1986). In this case, the four witnesses whose testimony is essential to the defendants are current officers or employees of Germain. Aloha's three principal witnesses are likewise current employees or officers of Aloha. Thus, witness convenience as to the key witnesses in this case is essentially equal. In the opinion of the Court, the testimony of Germain's other witnesses, which can be obtained by deposition if necessary, is insufficient to justify the transfer of this case to Texas in the face of the other factors weighing in favor of the case remaining with this Court.

**5.** *Cutter v. Scott & Fetzer Co.,* 510 F.Supp. 905 (E.D.Wis.1981) and *Horning v. Sycom,* 556 F.Supp. 819 (E.D.Ky.1983), relied upon by the defendants, are inapposite. In *Cutter,* the court disregarded a forum selection provision because enforcement of the provision would have contravened a strong public policy of the forum state. *Cutter,* 510 F.Supp. at 908–09. The defendants have not identified, and this Court is unaware of any policy of the State of Texas that will be offended by the enforcement of the forum selection provision.

*Horning,* on the other hand, involved the application of the law of the forum state to the determination of the validity of a forum selection provision. Under applicable state law, the court held that the provision was unenforceable. *Horning,* 556 F.Supp. at 821. The issues raised by the defendants' motion do not involve the application or interpretation of state law.

accorded priority unless the balance of convenience or special circumstances dictate otherwise. *See Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Employees Savings Plan of Mobil Oil Corp. v. Vickery,* 99 F.R.D. 138, 144 (S.D.N.Y.1983); *Baker Industries, Inc. v. Cerberus Limited,* 549 F.Supp. 312, 314 (S.D.N.Y.1982). Similarly, the district where the action is filed first should generally determine whether the first action should be permitted to proceed or should be dismissed or stayed in favor of the later-filed action. *See Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County,* 542 F.Supp. 1317, 1320–21 (S.D.N.Y. 1982). If the court hearing the first-filed action determines that it is the appropriate forum for the litigation, it may enjoin the prosecution of the second action. *See Meeropol v. Nizer,* 505 F.2d 232, 235 (2d Cir.1974); *National Patent Development Corp. v. American Hospital Supply Corp.,* 616 F.Supp. 114, 117 (S.D.N.Y.1984).

In support of their request for a stay, the defendants point to the same facts that they rely upon in connection with their motion for a change of venue. Significantly, they have not identified any "special circumstances", such as forum shopping, that would justify a departure from the "first-filed" priority rule. *See, e.g., Columbia Pictures Industries, Inc. v. Schneider,* 435 F.Supp. 742, 746 (S.D.N.Y. 1977), *aff'd,* 573 F.2d 1288 (1978). They simply maintain that the balance of convenience tips decidedly in favor of this action being litigated in Texas. On this basis, they ask that this action be stayed pending the outcome of the Texas action.

In considering the defendants' request, the Court is mindful of the fact that mechanical application of the "first-filed" rule is to be avoided. *See William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 179 (2d Cir.1969). Instead, a court confronted with a motion to stay one action in lieu of another should consider the

same factors that are relevant to a motion to transfer venue. *See National Patent Development Corp.,* 616 F.Supp. at 118. It follows then that a contractual choice of forum provision should be accorded the same weight in the context of a motion to stay as it is in the context of a motion to transfer venue. This is not to say that a choice of forum provision, in and of itself, is determinative of the appropriate forum for a particular controversy. In this case, however, the forum designated in the parties' agreement bears a substantial relationship to this litigation. This fact, coupled with the presence of an agreement to resolve disputes in this district, makes this Court an appropriate forum for this action. Accordingly, the defendants' request for a stay is denied.[6]

## CONCLUSION

On the basis of the foregoing, the defendants' motion to transfer venue of this action to the Northern District of Texas or to stay this action pending resolution of the Texas action is denied.

IT IS SO ORDERED.

---

**6.** As noted previously, this Court has the authority to enjoin the prosecution of the Texas action after determining that this is the appropriate forum for this litigation. At the present time, there is no motion before the Court requesting such relief. In the absence of such a motion, the Court refuses to exercise its authority.