**SHORE SLURRY SEAL, INC., Plaintiff,**

v.

**CMI CORPORATION, Defendant.**

**Civil Action No. 97–168(JEI).**

United States District Court,
D. New Jersey.

May 12, 1997.

Frank C. Olivo, Hammonton, NJ, for Plaintiff.

Cozen and O'Connor by James D. Golkow, Westmont, NJ, Hiltgen & Brewer, P.C. by Cary E. Hiltgen, Michael L. Barkett, Oklahoma City, OK, for Defendant.

## OPINION

IRENAS, District Judge:

This matter appears before the Court on defendant's motion to dismiss, or in the alternative, to transfer this case to the Western District of Oklahoma. We find that although venue is proper in New Jersey, transfer to Oklahoma is appropriate.

---

1. Oddly, plaintiff attached the sales agreement to the complaint but included only the front side of

## I. BACKGROUND

Plaintiff Shore Slurry Seal ("Shore"), a construction contractor, and Defendant CMI Corporation ("CMI"), a construction equipment seller, signed a sales contract under which plaintiff agreed to purchase a pavement profiler from CMI. *See* Compl. ¶ 7. The purchase price was $548,025.00. Plaintiff filed this breach of contract suit on January 7, 1997, claiming that the profiler is defective. The sales agreement contained a forum selection clause, which was printed on the back of each and every page of the contract.[1] *See* Def. Ex. A. The forum selection clause provided:

> The parties agree that the proper and exclusive forum and venue in all legal actions brought to enforce or construe any of the provisions of the Agreement shall be in the Federal District Court for the Western District of Oklahoma or, if federal jurisdiction is lacking in such legal action, in the District Court of Oklahoma County, Oklahoma. Each of the parties irrevocably waives the right to object, with respect to such suit, action, or proceeding brought in any such court, that such court does not have jurisdiction over such party.

Def. Br. Ex. A. at 2, ¶ 11. Defendant brings the instant motion to enforce the forum selection clause, requesting either that we dismiss the case or transfer it to Oklahoma.

## II. DISCUSSION

### A. Motion to Dismiss

■ Defendant seeks to dismiss the complaint for improper venue pursuant to Fed. R.Civ.P. 12(b)(3). Venue is proper in "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). The parties signed the sales agreement in New Jersey. Moreover, defendant shipped the equipment to New Jersey, where it now remains. We find that these events constitute a substantial part of the events giving rise to the breach of

the pages.

contract claim. Therefore, we find that venue is proper in New Jersey. Furthermore, the property that is the subject of the dispute is located in New Jersey.[2] Accordingly, defendant's motion to dismiss for improper venue is denied.

### B.  Motion to Transfer

Defendant requests transfer of this case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404 *and* 28 U.S.C. § 1406.

#### 1.  *28 U.S.C. § 1406*

Section 1406 allows a district court to transfer a case that was brought in an improper venue. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). We have found that venue is proper in New Jersey. Accordingly, defendant's motion to transfer pursuant to 28 U.S.C. § 1406 is denied.

#### 2.  *28 U.S.C. § 1404*
##### a.  Standards

In the alternative, defendant moves for transfer pursuant to 28 U.S.C. § 1404, which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendant argues that transfer to Oklahoma is appropriate because the forum selection clause identifies the Western District of Oklahoma as the contractually chosen forum.

■  "[F]ederal law govern[s] the district court's decision whether to grant a motion to transfer a diversity case to the venue provided in the contractual forum selection clause." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–78 (3d Cir.1995) (relying on *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). The existence of a forum selection clause does not automatically require transfer under 28 U.S.C. § 1404(a). The district court must engage in the case-specific balancing analysis laid out in § 1404(a) to determine whether transfer is proper. *See Jumara*, 55 F.3d at 878.

■  The statutory language of § 1404(a) provides that the court should consider three factors when deciding whether to transfer: "(1) the convenience of the parties, (2) the convenience of the witnesses and (3) the interests of justice." *See United States v. Berkowitz*, 328 F.2d 358 (3d Cir.1964) (citing *Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 306 (D.N.J.1989)). In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a). *See Jumara*, 55 F.3d at 879. The relevant factors fall into two groups—private and public interests.

■  The private interest factors include: plaintiff's forum preference; defendant's preference; convenience of the parties as indicated by their relative physical and financial condition; convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of the books and records—to the extent that they could not be produced in the alternative forum. *See id.* The public interest factors consist of the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at time; the public policies in the fora; and the familiarity of the judge with the applicable state law in diversity cases. *See id.* at 879–80.

---

2. Alternatively, venue is proper in a district where any defendant resides. *See* 28 U.S.C. § 1391(a)(1). A corporate defendant, such as CMI, is deemed to reside in any district in which it is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c). CMI does not dispute that it is subject to personal jurisdiction in New Jersey.

Moreover, from the facts on the record, we cannot not determine whether CMI has the requisite minimum contacts with the state of New Jersey to confer personal jurisdiction. Nevertheless, we do not have a jurisdictional challenge before us and we need not reach this issue.

Generally, the plaintiff's choice of a proper forum is a paramount consideration a transfer determination. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Thus, the burden is usually on the moving party to overcome the presumption in favor of the plaintiff's choice of forum by showing that the proposed alternate forum is not only adequate but also that the balance of convenience of the parties weighs *strongly* in favor of the defendant. *See id.*

The Third Circuit has held that a forum selection clause alters the general presumptions and shifts the burden of proof. "[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." *Jumara*, 55 F.3d at 880. Although a forum selection clause does not receive dispositive weight, it is entitled to substantial consideration. *Id.* (citations omitted). "While courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Id.* When the forum selection clause is a valid one, that is there having been no " 'fraud, influence, or overweening bargaining power,' the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." *Id.* (quoting *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).[3]

### b. Application

Shore alleges that the forum selection clause was not freely bargained for. Shore claims that CMI buried the clause in the contract's fine print. Moreover, Shore points out that the parties did not discuss the clause during the contract negotiations. These facts do not support a finding that the clause was not freely bargained for.

Both parties to the contract are sophisticated corporate entities. The contract involved the sale of very expensive equipment. Shore had purchased equipment from CMI in the past. Moreover, Frank G. Olivo ("Olivo"), plaintiff's counsel, and Stephen G. Plummer, a Certified Public Accountant, assisted plaintiff in drafting and negotiating the sales contract. Finally, Olivo actively negotiated the wording of a warranty, which appears in the very same "fine print" as the forum selection clause. *See* Def. Br. Ex. at 2, ¶ 5. Olivo wrote several letters to CMI which reflect Olivo's sophisticated understanding of the contract, its implications, and the applicable laws. *See* Def. Reply Br. Ex. A, B, C. Thus, the record fails to support plaintiff's allegation that CMI exerted "overweening" bargaining power. On the contrary, the record reflects that Shore was a highly sophisticated negotiator with a keen sense of the legal principles involved in the transaction.[4] Accordingly, we cannot find

---

**3.** The defendant relies on a pre-*Jumara* case:

> [A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Coastal Steel v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.1983). Although *Jumara* did not purport to overrule *Coastal*, it provides a more recent, more elaborate framework for analysis of transfer motions involving forum selection clauses. Moreover, we note that all three of the *Coastal* factors are encompassed by *Jumara*. *Jumara* shifts the burden to the plaintiff to defend its choice of forum in light of a valid forum selection clause, incorporates the policy factor into the "public interests" inquiry, and includes

the "unreasonable" inconvenience factor in both the private and public interest inquiries.

**4.** Plaintiff relies on several cases from other jurisdictions that are inapposite here. In *Cutter v. Scott & Fetzer Co.*, 510 F.Supp. 905 (E.D.Wis. 1981), the Court found that the forum selection clause would not be enforced because it appeared in "a form contract, unmodified by any bargaining between the parties." *See id.* at 908. In this case, the plaintiff undoubtedly examined this free print, as evidenced by the extensive bargaining over the warranty provision. This agreement was more than an unmodified form contract. In addition, the *Cutter* court specifically reserved judgment on whether the alleged lack of free bargaining was enough by itself to carry plaintiff's burden. Instead, the *Cutter* court rested its holding on the plaintiff's showing that public policy favored the retention of the suit. *Id.* Here, plaintiff offers no public policy arguments at all.

that Shore was somehow fraudulently coerced into signing a sales agreement with unknown terms. Shore has failed to show that the clause was not freely bargained for, or that it was a victim of fraud or over-reaching by CMI. Given that the clause is valid, plaintiff has the burden to show why it should not be bound by its terms. Thus, plaintiff must show that the relevant private and public interests weigh against transfer.

Plaintiff fails to show that the private interest factors weigh strongly against transferring the case out of the District of New Jersey. The first private interest factor is plaintiff's forum preference. Because the contract includes a valid forum selection clause, plaintiff's choice is not accorded its usual deference. Therefore, this factor does not weigh against transfer. The second factor, defendant's forum preference, is accorded significant weight because it is consistent with the forum selection clause.

Next, we must determine whether plaintiff has demonstrated that the relative physical and financial condition of the parties renders transfer inappropriate. Plaintiff and defendant are both corporate entities, presumably with equivalent resources. Plaintiff has not offered evidence that it is financially or physically unable to attend proceedings in Oklahoma. Moreover, plaintiff has not even shown that there is a financial disparity between the parties that renders transfer inappropriate.

propriate. We conclude, therefore, that plaintiff has failed to show that this factor weighs against transfer.

The remaining private interests consider the location of the relevant witnesses and documents. Shore claims that the witnesses and documents pertaining to the defective condition of the equipment are located in New Jersey. See Pl. Br. at 6. However, plaintiff offers no further details about the content of these documents or the identity of the witnesses. Defendant contends that many of the witnesses and documents are located in Oklahoma. Defendant offers specifics about the identity of the relevant witnesses: the people who built the machine, the technicians who serviced the machine, the salespersons and customer service representatives who dealt with Shore, and the relevant service manuals and designs are all located in Oklahoma. See Def. Br. at 7. Moreover, plaintiff has not offered evidence that the New Jersey witnesses would be unavailable for trial in Oklahoma. Likewise, plaintiff has not shown that the documents and records in New Jersey could not be produced in Oklahoma. Shore merely notes that the equipment is located in New Jersey and "cannot easily be moved." Pl. Br. at 6. However, Shore does not claim that it would be impossible to move the equipment to Oklahoma. Nor does plaintiff explain why it

In *Kolendo v. Jerell, Inc.*, 489 F.Supp. 983 (S.D.W.Va.1980), the court refused to enforce a forum selection clause after finding unequal bargaining power between an employer and an employee. See *id.* at 986. The court based its finding on the employee's unrebutted allegation that the forum selection clause appeared in a supplemental agreement, which was signed eleven months after the original agreement and upon the condition that failure to sign it would result in the plaintiff's termination. See *id.* In the case at bar, however, the parties are two corporate entities, negotiating through their attorneys and exercising equal levels of bargaining power. Moreover, the clause here was agreed to contemporaneously with all other contract terms and was unaccompanied by coercive threats. Accordingly, we are unpersuaded by *Cutter* and *Kolendo*.

Likewise, the other cases plaintiff cites are also inapplicable. See Pl. Br. at 5–6 (citing *Copperweld Steel Co. v. Demag–Mannesmann–Bohler*, 578 F.2d 953, 965–66 (3d Cir.1978) (finding that

enforcement of forum selection clause, which would require litigation to take place in Germany, would be unreasonable because negotiations took place in English, most witnesses were English-speaking and lived in this country and German defendant had office in this country); *Nelson v. Master Lease Corp.*, 759 F.Supp. 1397, 1401–03 (D.Minn.1991) (refusing to enforce forum selection clause, finding unequal bargaining power between plaintiff-employee, who lacked "substantial personal or business assets," and defendant-employer, a large corporation with operations across the United States, and noting that because case involved civil rights claim, interest of justice required facilitating affordable litigation close to claimant's home); *Stewart Organization, Inc. v. Ricoh Corp.*, 696 F.Supp. 583, 586–87 (N.D.Ala.1988)(declining enforcement because unclear whether final agreement between the parties actually included forum selection clause and noting if there was such a clause, it was unreasonable under the circumstances because neither the witnesses nor the documents were located in the selected forum)).

would even be necessary for the product to travel to Oklahoma. In fact, defendant specifically states that any inspections could be conducted at plaintiff's place of business, thereby eliminating the relevance of the product's mobility. Thus, plaintiff has failed to carry its burden on any of the private interest factors.[5]

Plaintiff has also failed to meet its burden of persuasion on the public interest factors. Plaintiff offers no arguments as to the enforceability of the judgment, the relative administrative difficulty in the two fora, the local interest in deciding this controversy, a particular public policy that would be served by deciding the case in New Jersey, or the familiarity of the judge with the applicable state law in diversity cases. Nevertheless, we will discuss each one of these factors.

The enforceability of the judgment does not cut against transfer. Although the equipment is located in New Jersey, if an Oklahoma court had jurisdiction over the parties, as it would here (plaintiff does not question jurisdiction), the Oklahoma court could properly enforce any judgment against these parties in any federal court. See 28 U.S.C. § 1963 ("A judgment ... entered in any district court [that is registered in any other district] shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."). Second, both Oklahoma and New Jersey have equivalent local interests in enforcing the sales agreement, as it involves citizens from both states. Thus, this factor is neutral.

Although we do not have statistics to compare the relative administrative difficulties between New Jersey and Oklahoma, we are confident that because this case is a straightforward diversity contract case, the additional administrative difficulties are not likely to overwhelm either court's resources. See Di-Mark Mktg., Inc. v. Louisiana Health Serv. & Indem. Co., 913 F.Supp. 402, 409 (E.D.Pa. 1996). Therefore, this factor is also neutral.

If we were to consider familiarly with the applicable state law, this factor weighs in favor of transfer. The contract contains the following clause: "This Agreement ... shall be construed and enforced in accordance with the laws of the State of Oklahoma." See Def. Ex. A at 2, ¶ 11. A district judge in New Jersey would be less familiar with Oklahoma law than a federal judge in Oklahoma. Finally, as to the practical considerations that could make the trial easy, expeditious, or inexpensive, plaintiff has not shown that it would be any more expensive for the New Jersey witnesses and documents to travel to Oklahoma than for the Oklahoma witnesses and documents to travel to New Jersey. Therefore, this factor is neutral.

Shore has failed to overcome enforcement of the forum selection clause. Plaintiff has failed to show that the § 1404(a) factors weigh strongly against transfer to Oklahoma. Accordingly, defendant's motion to transfer the case to the Western District of Oklahoma is granted.

## III. CONCLUSION

Venue in New Jersey is proper pursuant to 28 U.S.C. § 1391. Accordingly, defendant's motion to dismiss based on improper venue is denied. Likewise, defendant's motion to transfer the case pursuant to 28 U.S.C. § 1406 is also denied. Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is granted. Therefore, this case is transferred to the Western District of Oklahoma, pursuant to the terms of the freely bargained for contractual forum selection clause. An appropriate order will issue on even date herewith.

---

**5.** Defendant correctly points out that the remainder of Shore's arguments are irrelevant to the transfer analysis. Shore offers the following: the contract was negotiated in New Jersey, CMI sent its personnel to New Jersey, CMI shipped the product to New Jersey, and CMI inspected the equipment in New Jersey. Although these facts might support finding venue or personal jurisdiction in New Jersey, they are unrelated the § 1404(a) inquiry.