injury to or loss of property or the damages claimed.

7 C.F.R. § 1814.6(c) (1983). The regulation does not provide that a claim will be denied if Standard Form 95 is not submitted. Further, § 1814.7(d) provides that "[a]ny claims received by an FmHA office, whether in the form of a letter or in Standard Form 95, will be transmitted promptly through appropriate administrative channels ... "which clearly indicates that a claim may be in letter form as well. ·Cf. Boyd v. U.S. supra, 482 F.Supp. at 1128–29 (letter considered a claim although 28 C.F.R. § 14.2(a) required an executed Standard Form 95 or other written notification of the incident).

■ Plaintiff, either through herself or her counsel, has notified the FmHA of her problems as early as December 1980. The early correspondence by counsel, however, pertained to the construction compensation defects claim. The only letter which may be considered in compliance with § 1814.-6(c) is the letter dated August 10, 1981 from plaintiff's counsel to the Director of this Business Services Division of the National Office of FmHA. Counsel enclosed copies of all letters concerning the problems with plaintiff's home that had been previously sent to the St. Croix FmHA office. A copy of plaintiff's deed was enclosed to prove ownership, and also a copy of an engineer's report detailing the alleged defects and the cost to correct them. All of this information is required under § 1814.6(c). The Court finds that this letter to the Director of the Business Services Division apparently mailed to the Director pursuant to 7 C.F.R. § 1814.7(d), is an administrative claim under the FTCA. Further, the Court finds that this claim was filed with FmHA well within the two year statute of limitations. See 28 U.S.C. § 2401(b); 7 C.F.R. § 1814.-5(b).

## CONCLUSION

The Court finds that it does not have jurisdiction over counts 1 and 2 and requests counsel to provide supplemental briefs on transfer within 30 days from the date of this order or otherwise risk dismissal of these counts. Count 3 regarding the tort action is within the exclusive jurisdiction of this Court and this count will go forward.

**S.C. JOHNSON & SON, INC., Plaintiff,**

v.

**The GILLETTE COMPANY, Defendant.**

No. 83 C 6073.

United States District Court,
N.D. Illinois, E.D.

Sept. 30, 1983.

**1186**

Robert M. Newbury and Patricia S. Smart, Pattishall, McAuliffe & Hofstetter, Chicago, Ill., Robert L. Baechtold and Henry J. Renk, Fitzpatrick, Cella, Harper & Scinto, New York City, for plaintiff.

Henry L. Mason III, Sidley & Austin, Chicago, Ill., Robert W. Furlong, Gregory A. Madera, Frank P. Porcelli, Fish & Richardson, Boston, Mass., for defendant.

## ORDER

BUA, District Judge.

Before the Court is defendant Gillette's Motion to Dismiss or Transfer the instant lawsuit based on lack of venue. For the reasons stated herein, the Motion to Dismiss is denied and the Motion to Transfer is granted.

Plaintiff Johnson is a corporation with its primary place of business in Racine, Wisconsin. Defendant Gillette is a Delaware corporation with its headquarters in Boston, Massachusetts. · Gillette also maintains sales offices in Schaumburg, Illinois and elsewhere across the country.

Gillette is accused of infringing a patent held by Johnson in connection with the development, marketing, and sale of a shaving cream known as "Gillette Foamy Gel."

Johnson markets a similar product by the brand name of "Edge."

## I.

Johnson brought the instant patent infringement suit in this district under 28 U.S.C. § 1400(b).[1] According to § 1400(b),

> Any civil action for a patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

*Id.*

Defendant argues that because it does not reside in this district and because it has committed no acts of infringement in this district, the requirements of § 1400(b) have not been met, notwithstanding that defendant admits to having a regular and established place of business here. This Court does not agree.

■ At issue, clearly, is whether Gillette's alleged acts of infringement have been committed in this district. This Circuit has clearly rejected any test of venue based on "technicalities of sales law" in favor of an approach which assesses the practical effect of the infringers' activities on the rights granted the patentee by 35 U.S.C. § 154. *Union Asbestos & Rubber Co. v. Evans Products Co.,* 328 F.2d 949 (7th Cir.1964). In *Union Asbestos,* the defendant had conducted a massive sales and promotion effort including the solicitation of orders and the demonstration of the accused product to prospective customers. The Court held that a narrow or limited interpretation of the term "acts of infringement" was to be rejected and that the degree of sales activity present was a sufficient impairment of plaintiff's rights as to constitute an act of infringement for venue purposes. *Id.* at 952. Similarly, in *Dual Manufacturing & Engineering, Inc. v. Burris Industries, Inc.,* 531 F.2d 1382 (7th Cir. 1976), a broad interpretation of the term was applied to support a holding that continuous solicitation of sales, coupled with

1. In Count II of the complaint, Johnson seeks a declaratory judgment.

the display of the product, constituted an act of infringement for venue purposes.

■ In the case at bar, Gillette has been involved in a concerted sales effort in this district in an attempt to get various major local retailers to carry the product under attack. Among the activities undertaken were various sales calls upon the retailers by Gillette's local sales people. In these meetings, the sales people left samples of the product for the various buyers to try and even presented one retailer with a final price quotation and detailed information regarding advertising. As a result of these efforts, one retailer requested certain sample packs to determine how the product would be presented at its stores. Finally, that retailer placed an order for over 100,-000 cans of the accused product. Viewed in the broad sense required by the decisions cited above, it is clear that Gillette's activities constituted an act of infringement under 28 U.S.C. § 1400(b). The motion to dismiss for lack of venue must therefore be denied.

## II.

Defendants have also moved under 28 U.S.C. § 1404(a) for a transfer of venue. Under § 1404(a),

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Id.*

■ Because the defendant in this case has its principal place of business in Boston and additionally admits that if any infringement activity was present, it was centered in Boston, that forum meets either test of venue set out in 28 U.S.C. § 1400(b) and therefore is a district where the instant case might have originally been brought. Defendant argues that the convenience of the parties and witnesses as well as the interests of justice require that this Court transfer the matter to the U.S. District Court for the District of Massachusetts. The Court agrees.

Clearly, the convenience of the parties will be served by a transfer of the case to Massachusetts. As noted, Gillette has its principal place of business in Boston. Additionally, Johnson's offices are not in this district but in Racine, Wisconsin. Were the Court to deny the motion to transfer venue, both parties would be required to transport all of their witnesses, documents, and other sources of proof to this district. Clearly, maintenance of this suit in the district in which one of the parties resides would be preferable.

Johnson argues that it would be inconvenienced by having to try the instant lawsuit in Boston because flights between Milwaukee and Boston are infrequent. Johnson claims that it should not be put to the inconvenience of flying out of Chicago, which has far more frequent flights to Boston. Nevertheless, Johnson does not claim it would be unduly burdened by having to prosecute this case in Chicago. This Court does not believe that having to fly out of Chicago or deal with the infrequent flights from Milwaukee would place any significant burden on plaintiff which would not be present were this case to be litigated in Chicago. Certainly, from plaintiff's standpoint, litigation of this suit in Wisconsin would be most convenient. However, that option is not available under § 1400(b) as venue would not be proper in that district. Clearly, Boston remains the next most convenient alternative and the best forum available.

Although the Court concedes that an act of infringement sufficient for venue to be proper has transpired in this district, it is clear that a vast majority of the activities concerning the cause of action took place in either Racine, Wisconsin, or Boston. As noted, the U.S. District Courts of Wisconsin are unavailable as a venue in the instant case. Boston, however, is a forum in which much of the proof required in this case can be found and is an available forum having a much stronger connection to the case than this district.

■ As a general rule, the preferred forum is that which is the center of the

accused activity. As the Court noted in *AMP Incorporated v. Burndy of Midwest, Inc.,* 340 F.Supp. 21, 24–25 (N.D.Ill.1971), "The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." In this case, all development, testing, research, and production of the subject product occurred in Massachusetts. Additionally, virtually all marketing and sales decisions were made there. By contrast, only some very limited sales activity occurred in this district.

Virtually all of defendant's witnesses are to be found in Boston. Few, if any, are present in this district, yet neither are many of the plaintiff's witnesses. Additionally, all documents relative to the accused product can be found in Massachusetts. While plaintiff's documents are primarily in Wisconsin, it would present only a slightly greater burden to require such evidence be made available for proceedings in Boston as compared to Chicago.

Essentially, this district is a forum unrelated to the heart of the instant lawsuit, especially in light of the strong connection which Boston has with the suit. The only reason this forum was selected is that the federal courts of Wisconsin are unavailable. While plaintiff's choice of forum is important, it is of reduced value where, as here, the chosen forum lacks significant contact with the underlying cause of action. *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048 (N.D.Ill.1982).

From the foregoing, it is clear that in the interest of justice and for the convenience of the parties and witnesses, the U.S. District Court for the District of Massachusetts is far a preferable forum to this one in which to proceed with this case. Defendant has sustained its burden of showing that the balance of convenience weighs strongly in favor of the transferee court. *Butterick Co. v. Will,* 316 F.2d 111 (7th Cir.1963); *Payne v. AHFI Netherlands, B.V.,* 482 F.Supp. 1158 (N.D.Ill.1980).

### III.

Also pending in the instant case is the plaintiff's motion for a preliminary injunction. Having ruled that transfer of this case is warranted, the Court will leave the preliminary injunction matter for the transferee court's consideration and therefore, at this juncture, denies such motion. *See, Wilmot H. Simonson, Co., v. Green Textile Associates, Inc.,* 554 F.Supp. 1229 (N.D.Ill. 1983); *MacNeil Bros. Co. v. Cohen,* 158 F.Supp. 126 (D.Md.1958).

### Conclusion

For the foregoing reasons, defendants' Motion to Dismiss is denied, but its Motion to Transfer under 28 U.S.C. § 1404(a) is granted. The cause is ordered transferred to the District Court for the District of Massachusetts.

IT IS SO ORDERED.