**HELLER FINANCIAL, INC., a Delaware corporation, Plaintiff,**

v.

**NUTRA FOOD, INC., d/b/a D'Lites of America, a Georgia corporation, Nutra Development Company, a Georgia corporation, and Ronald C. Davis, a citizen of the State of Ohio, Defendants.**

No. 86 C 9897.

United States District Court, N.D. Illinois, E.D.

March 23, 1987.

Nathan H. Dardick, Ellen Barron Feldman, Dardick & Denlow, Chicago, Ill., for plaintiff.

Karen R. Goodman, Kenneth E. Marcus, Carmel, Baker & Marcus, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before this court is defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendants seek to transfer this action to the U.S. District Court for the Northern District of Georgia. Jurisdiction is based on 28 U.S.C. § 1332. Defendants' motion is denied for the reasons stated herein.

## DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which states:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In general, the movant under § 1404(a) has the burden of establishing that the suit should be transferred. To meet this burden, the movants are required to prove that the proposed transferee district is a district in which plaintiff's claim could have been brought originally. Movants must also prove that the balance of interest weighs strongly in favor of proceeding in the proposed transferee district. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662, 664 (10th Cir.1972).

Defendants satisfy the first requirement. Plaintiff's claim could have been brought in the Northern District of Georgia. Since jurisdiction is founded on diversity of citizenship, this action is properly brought in any judicial district where all plaintiffs or all defendants reside, or in which the claim arose. 28 U.S.C. § 1391(a). In the instant case, defendants assert that the claim arose in Georgia. Brief for Defendant at 5. Plaintiff does not dispute defendants' assertion. This court will consider defendants' assertion as true for purposes of this motion.

Defendants fail to satisfy the second requirement. Defendants do not establish that the transfer is necessary for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In particular, the convenience of the parties would not be enhanced by the transferring of this action to the Northern District of Georgia. Illinois is the more convenient forum for the parties. While defendants would enjoy proceeding with this action in Georgia, this court does not believe defendants would be unduly inconvenienced by litigating in Illinois.

Plaintiff argues that defendants are required to litigate this lawsuit in Illinois. Defendants are allegedly obligated to litigate in Illinois because they consented to jurisdiction in Illinois in the contract between the parties. Paragraph 22 of the lease contract contains the following language: "[defendant] does hereby submit to the jurisdiction of any courts (federal, state or local) having a situs within the State of

Illinois with respect to any dispute, claim, or suit arising out of ... this Lease."

The Supreme Court addressed a similar issue in *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1971). In *Bremen,* the court reviewed the enforceability of a forum-selection clause governing disputes arising under an international towage contract. The contract contained the following clause: "Any dispute arising must be treated before the London Court of Justice." A dispute arose. Zapata ignored its contractual promise to litigate in the English courts and commenced a suit in admiralty in the U.S. District Court.

The Supreme Court noted that a party may validly consent to be sued in a jurisdiction where a court's jurisdiction would not otherwise exist. *Id.* at 10–11, 92 S.Ct. at 1913. This position accords with ancient concepts of freedom of contract. The *Bremen* Court held that the forum-selection clause should have been enforced unless a clear showing was made that enforcement of the clause would be unreasonable, unjust, or that the clause was invalid for such reasons as fraud or overreaching.

■ In the instant case, defendants argue that the forum-selection clause does not require them to litigate in Illinois. Defendants maintain that the clause should not be given great weight since it is merely a "boilerplate" provision contained in the agreement. In addition, defendants suggest that the forum clause merely establishes jurisdiction in Illinois and is silent on the issue of venue.

Defendants' first argument is easily dismissed. A contractual provision using boilerplate language is enforceable. Defendants should have struck the forum clause if they did not wish to be bound by it. Evidence exists that the forum clause was a vital part of the agreement. It would be unrealistic to think that the plaintiff did not conduct its negotiations with the consequences of the forum clause figuring prominently in their position. Defendants' unarticulated, unilateral desire not to be bound by the forum clause does not render the forum clause inapplicable.

The contractual agreement to establish jurisdiction in Illinois, freely entered into between competent parties of relatively equal bargaining power, must be enforced.

■ Defendants' second argument is more compelling. Defendants contend that the forum clause consenting to jurisdiction in Illinois does not also consent to venue in Illinois. This court agrees that the concepts of jurisdiction and venue are distinct.

This court believes plaintiff's reliance upon the *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1971), is unwarranted. The forum clause in *Bremen* designates the litigation situs. In contrast, the forum clause in the instant case merely designates a state in which jurisdiction is proper. This court believes that this distinction is significant. In *Bremen,* the contracting parties planned the place of litigation. The contracting parties knew in advance all litigation would proceed in London. In the instant case, the parties simply added an additional forum wherein jurisdiction was proper and litigation could proceed. The contracting parties did not agree to the location of the litigation proceeding. The instant parties did not plan the place of litigation. Therefore, this court can enforce the instant forum clause without litigating in Illinois. This court could do so if it ruled that the interest of the parties, witnesses, and justice required litigation in a forum other than Illinois. This court chooses not to do so. Consequently, this court finds that defendants have not waived their right to seek a transfer of this action.

The forum clause is not without import. It is one factor that weighs in favor of litigating in Illinois. Defendants should not have agreed to establish jurisdiction in Illinois if litigating in this state was inconvenient and burdensome. Plaintiff bargained for the establishment of jurisdiction in Illinois so that it could bring a claim here.

■ Plaintiff's choice of forum is another factor favoring litigation in Illinois. A plaintiff's choice of forum will not be disturbed absent a clear showing of inconven-

ience in favor of the defendant. *FDIC v. Citizens Bank & Trust*, 592 F.2d 364, 368 (7th Cir.1979). In the instant case, defendants fail to make a clear showing of inconvenience. Instead, defendants merely attempt to shift the burden of inconvenience onto plaintiff.

Illinois is the most convenient site for plaintiff. Plaintiff's principal place of business is Chicago, Illinois. Not surprisingly, plaintiff's witnesses work and reside in Illinois. In addition, the documents relevant to plaintiff's case are stored in Illinois.

In sum, Illinois is a convenient forum within which to litigate this dispute. Defendants have not met their substantial burden of showing that there is a clear balance of inconvenience in proceeding in Illinois. Finally, the interest of justice requires this case to be litigated in Illinois.

### CONCLUSION

This court denies defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a). Defendants fail to show that the transfer of this action would be for the convenience of parties and in the interest of justice.

IT IS SO ORDERED.