**HELLER FINANCIAL, INC., a Delaware corporation, Plaintiff,**

v.

**SHOP–A–LOT, INC., a Texas corporation, Wilse E. Kleckley and Patricia M. Kleckley, Wizard Enterprises, Inc., a Louisiana corporation, Defendants.**

No. 87 C 9851.

United States District Court, N.D. Illinois, E.D.

March 1, 1988.

---

Nathan H. Dardick, Ellen Barron Feldman, Carolyn Gallagher Brocksmith, Dardick & Denlow, Chicago, Ill., for plaintiff.

Allen S. Gabe, Gabe, Gabe & Associates, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendants have moved to dismiss this case for lack of personal jurisdiction and improper venue pursuant to Fed.R.Civ.P. 12(b)(2) and 28 U.S.C. § 1406(a). In the alternative, defendants have requested that the case be transferred to Louisiana pursuant to 28 U.S.C. § 1404(a) or § 1406(a). For the reasons stated herein, this court denies both of defendants' motions.

## FACTS

In 1984, defendants entered into an equipment lease agreement with Heller Financial, Inc. ("Heller"). Heller is a Delaware corporation with its principal place of business in Chicago, Illinois. None of the defendants reside or conduct any business in Illinois. The parties conducted all of their negotiations outside of Illinois. Defendants signed the lease in Louisiana, and it became binding and effective when Heller executed it in Chicago.

The lease agreement contained a forum selection provision whereby defendants submitted to the jurisdiction of Illinois courts to resolve disputes arising from the agreement. The lease also provided that Illinois law would govern any such claims.

From July 1984 until July 1987, defendants made periodic payments to Heller's Chicago office according to the terms of the lease. In the late summer of 1987, defendants discontinued the payments to Heller. On November 16, 1987, Heller filed suit to collect $157,000 due under the lease and to compel the return of the equipment. Defendants contend that the case should be dismissed due to a lack of personal jurisdiction and improper venue. Defendants additionally assert that even if jurisdiction and venue are proper, this case should be transferred to Louisiana.

## DISCUSSION

### I. *Motion to Dismiss*

Defendants assert that this court does not have personal jurisdiction over them because they have not maintained minimum contacts with Illinois sufficient to satisfy the requirements of the Illinois long-arm statute. The Due Process Clause protects an individual from being subjected to a binding judgment of a state with which he has "no contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). Nonetheless, because personal jurisdiction is a waivable right, a party may consent to the jurisdiction of the court. Thus, reasonable and freely negotiated forum selection provisions in commercial contracts may be enforced without offending an individual's due process rights. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2182, n. 14, 85 L.Ed. 2d 528 (1985); *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972).

■ In the case at bar, defendants did in fact submit to the jurisdiction of this court by freely entering into an agreement that designated Illinois as a forum where their contractual disputes could be resolved. The lease agreement provided that "[l]essee does hereby submit to the jurisdiction of any courts (federal, state or local) having a situs within the State of Illinois with respect to any dispute, claim or suit arising out of or relating to this Lease or Lessee's obligations hereunder...." Be-

cause defendants have not alleged that this provision was unreasonable or resulted from anything other than an arm's-length bargaining agreement, it is enforceable. *See Heller Financial, Inc. v. Nutra Food, Inc.*, 655 F.Supp. 1432, 1433–34 (N.D.Ill. 1987).

■ Although defendants submitted to the jurisdiction of Illinois courts, it does not necessarily follow that venue properly exists in Illinois. Because jurisdiction and venue are distinct concepts, "[a] plaintiff who establishes jurisdiction over the defendant's person must *additionally* meet venue specifications." *Noxell Corp. v. Firehouse No. 1 Bar-B–Que Restaurant*, 760 F.2d 312, 315 (D.C.Cir.1985) (emphasis in original).

In actions based on diversity of citizenship, venue is proper "only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a) (1982). For venue purposes, a corporation resides exclusively in the state of its incorporation. *Reuben H. Donnelley Corp. v. Federal Trade Comm'n*, 580 F.2d 264, 269 (7th Cir.1978); *Mercantile Fin. Corp. v. UPA Prods. of America*, 551 F.Supp. 672, 674 (N.D.Ill. 1982). Because Heller is incorporated in the state of Delaware, it does not "reside" in Illinois. Furthermore, none of the defendants reside in Illinois. Therefore, venue is proper in the case at bar only if the claim arose in Illinois.

■ Various tests may be applied in order to determine where the claim arose. *See, e.g., American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981) (venue proper at place of performance of contract); *FinanceAmerica Credit Corp. v. Kruse Classic Auction Co.*, 428 F.Supp. 135, 137 (E.D.Pa.1977) (venue proper where payment is to be made). The most commonly applied test, however, is the "weight of the contacts" test. *See, e.g., Mercantile Fin. Corp.*, 551 F.Supp. at 675–76; *Oce-Industries, Inc. v. Coleman*, 487 F.Supp. 548, 551–52 (N.D.Ill.1980). This test requires an examination of the defendant's contacts with the various fora

related to the plaintiff's cause of action. The plaintiff's claim arises (and venue is therefore proper) in the forum in which the defendant's contacts are most significant.

■ In the present case, an examination of defendants' contacts with this district indicates that Heller's claim arose in Illinois. The lease agreements at issue required all payments to be made to Heller in Chicago. In fact, defendants made 37 payments over a three-year period prior to the breach. Furthermore, the accounts receivable, accounting, and bookkeeping regarding defendants' obligations were maintained in Chicago. However, the main factor weighing in favor of finding that the claim arose in Illinois is that the breach occurred here because of defendants' failure to make payment to Heller in Chicago. *Cf. Oce–Industries, Inc.*, 487 F.Supp. at 552 (claim arose in Illinois because it was place where contracts were performed, where orders were accepted, and "where the breach resulted because of the failure to make payment there"); *Mercantile Fin. Corp.*, 551 F.Supp. at 676 (claim arose in California because defendants were California residents; accounts receivable maintained in California; payments processed through a California bank; accounting and bookkeeping maintained in California). Although defendants reside outside of Illinois, negotiated with Heller's agents outside of Illinois, and signed the agreements in Louisiana, these factors do not alter the fact that Heller's claim arose from a breach of contract that occurred in Illinois. Venue, like jurisdiction, is properly established in this court. Therefore, defendants' motion to dismiss is denied.

## II. *Motion to Transfer*

■ Defendants have alternatively requested that this case be transferred to Louisiana pursuant to 28 U.S.C. § 1404(a) or § 1406(a). However, as a prerequisite to a transfer of venue under section 1406(a), venue in the transferor district must be improper. *Pennwalt Corp. v. Horton Co.*, 582 F.Supp. 438, 441 (E.D.Pa. 1984); *Buhl v. Jeffes*, 435 F.Supp. 1149, 1151 (M.D.Pa.1977). Because venue is

proper in this district, this provision is inapplicable. For a case to be transferred under section 1404(a), the moving party must show: "(1) that venue is proper in the transferor district; (2) ... that the transferee court is in a district 'where it might have been brought' [ ]; and (3) that the transfer is 'for the convenience of the parties and witnesses in the interest of justice.'" *Ratner v. Hecht*, 621 F.Supp. 378, 381 (N.D.Ill.1985) (*quoting Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill.1982)).

In the instant case, the first requirement under section 1404(a) is satisfied because it has already been established that venue is proper in this district. Defendants' motion, however, fails to meet the second prerequisite; Heller could not have brought this action in Louisiana because not all of the defendants reside there. In addition, defendants have not satisfied the third requirement for transfer. In order to satisfy that requirement, the movant must establish "a clear balance of inconvenience"; transfer will be refused where it would merely shift the inconvenience from one party to the other. *Wallen v. Loving*, 609 F.Supp. 159, 161 (N.D.Ill.1985). Furthermore, due to the forum selection provision in their contract, defendants in the case at bar must carry an even greater burden. Having already agreed to bear the inconvenience of litigating in Illinois, defendants cannot prevail on a transfer motion unless they demonstrate that Illinois would be a "seriously inconvenient" forum, such that it would deprive them of their day in court. *See Friedman v. World Transp., Inc.*, 636 F.Supp. 685, 690 n. 5 (N.D.Ill.1986).

Defendants assert that litigation in Illinois would place an extreme financial burden on them. Notwithstanding this claim, defendants have failed to establish that their financial plight would prevent them from defending against Heller's suit in Illinois. Aside from unsubstantiated assertions of financial hardship in two affidavits, defendants have offered no evidence to support their contention that the Illinois forum would seriously inconvenience them. Unpersuaded by defendants' conclusory claims of inconvenience, this court sees no

reason to transfer the case—especially since a transfer would merely shift the inconvenience onto Heller, whose witnesses, records, and counsel are all located in Chicago.

In addition, the interest of justice favors the denial of defendants' transfer motion. In considering whether a transfer serves the interest of justice, a court must weigh the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Jacobs v. Lancaster*, 526 F.Supp. 767, 770 (W.D.Okla.1981). Because all of the documents and witnesses necessary to prove up Heller's claim are located in Chicago, the Illinois forum would best facilitate the efficient and expeditious resolution of this action. In addition, justice requires that, whenever possible, a diversity case should be decided by the court most familiar with the applicable state law. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). This factor also militates against transfer. The lease agreement in the instant case provides that Illinois law is to govern the action. Thus, compared to a federal court in Louisiana, this court is more accustomed to interpreting and applying the law that will control the case.

Considerations of convenience and justice dictate that this case remain in Illinois. Defendants have failed to show that litigation in Illinois would impose a clear and serious inconvenience on them. Therefore, Heller's choice of forum will not be disturbed; defendants' motion to transfer is denied.

## CONCLUSION

For the foregoing reasons, this court denies both defendants' motion to dismiss and defendants' motion to transfer.

IT IS SO ORDERED.