**GREYHOUND REAL ESTATE FINANCE COMPANY, an Arizona corporation, Plaintiff,**

v.

**Robert J. BOBB and Douglas Crocker II, Illinois citizens, Defendants.**

No. 90 C 3917.

United States District Court, N.D. Illinois, E.D.

Oct. 3, 1990.

Nathan H. Dardick, Morton Denlow, Carolyn Gallagher Brocksmith, Stuart Gimbel, Dardick & Denlow, Chicago, Ill., for plaintiff.

Miriam F. Miquelon, Keck, Mahin & Cate, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendants Robert J. Bobb and Douglas Crocker II have moved to transfer venue to the Western District of Wisconsin under 28 U.S.C. § 1404(a). For the reasons stated below, defendants' motion is denied.

Plaintiff Greyhound Real Estate Finance Company ("Greyhound") has brought this action seeking the sum of $2,865,775.28 along with attorneys' fees, interest, and court costs from defendants in defendants' capacity as guarantors of a promissory note. The note was executed between Greyhound and Wisconsin Hotel Partners ("WHP") and concerned a construction loan connected with real estate located in Madison, Wisconsin. Under the terms of the promissory note, the obligor, WHP, agreed to make certain payments to Greyhound. WHP initially made a number of payments to Greyhound's office in Illinois, but failed to make additional payments.

In order for a case to be transferred under 28 U.S.C. § 1404(a), the moving party must show that (1) the venue is proper in the transferor district; (2) the transferee district is one where the claim might have been brought; and (3) the transfer is for the convenience of parties and witnesses in the interest of justice. *Heller Financial, Inc. v. Shop-A-Lot, Inc.*, 680 F.Supp. 292, 295 (N.D.Ill.1988). Defendants in the present case satisfy the first prong of this test since venue is proper in Illinois under diversity jurisdiction. Defendants' showing fails, though, with respect to the second prong; jurisdiction is lacking in the transferee district, the Western District of Wisconsin.

Under 28 U.S.C. § 1391, diversity jurisdiction is only present in that district where all plaintiffs or all defendants reside, or in which the claim arose. Since Greyhound is an Arizona corporation and defendants are Illinois citizens, defendants' bid for Wisconsin jurisdiction hinges on whether the claim arose in Wisconsin. The analysis most frequently used to determine where the claim arose is the weight of contacts test. That test involves "an assessment of the forum which has the most significant contacts

with the cause of action." *Oce–Industries, Inc. v. Coleman,* 487 F.Supp. 548, 551 (N.D.Ill.1980). In the present case, the only connection of significance between the cause of action and Wisconsin is the location of the real estate associated with the promissory note subject to the guaranty. While the obligor, WHP, is a Wisconsin corporation, the obligor is not a party in this case.

In fact, the forum with the most significant contacts to the present cause of action is Illinois. The guaranty between Greyhound and defendants was signed and notarized by defendants in Illinois. The obligor was making payments to Greyhound's office in Illinois pursuant to the promissory note underlying the guaranty. And, when the obligor failed to make further payments to Greyhound's office in Illinois, the alleged breach occurred in Illinois. As this court has found on a number of occasions, a breach that has occurred in Illinois because of failure to make payment in Illinois militates strongly in favor of a finding that the claim arose in Illinois. *See Heller Financial, Inc.,* 680 F.Supp. at 295. *See also Ameritech Mobile Communications, Inc. v. Cellular Communications Corp.,* 664 F.Supp. 1175, 1181–1182 (N.D.Ill.1987) ("[t]he most logical situs for the occurrence of this claim is Illinois, where the breach occurred when [defendants] refused to pay"). The court finds that Illinois has the most significant contacts with the present cause of action and is the district where the claim arose. Since all plaintiffs or all defendants in this case do not reside in Wisconsin, and the claim did not arise in Wisconsin, jurisdiction does not exist in the transferee district, Wisconsin. Therefore, defendants' motion to transfer venue is denied.

IT IS SO ORDERED.