**NCR CREDIT CORPORATION, Plaintiff,**

v.

**YE SEEKERS HORIZON,
INC., Defendant.**

**No. 98–Civ.–0741 (WGB).**

United States District Court,
D. New Jersey.

Aug. 10, 1998.

Robert M. Leonard, Jeffrey S. Lipkin, Rachelle H. Milstein, Shanley & Fisher, P.C., Morristown, NJ, for Plaintiff.

David A. Stern, Howard M. Davis, P.C., West Orange, NJ, for Defendant.

## OPINION

BASSLER, District Judge.

Defendant Ye Seekers Horizon, Inc. moves to transfer venue to Texas. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332 (diversity). For the reasons set forth below, the Court **denies** Defendant's motion to transfer venue.

## I. BACKGROUND

Plaintiff is a Texas corporation, with its principal place of business in Houston, Texas. (*See* Affidavit of Richard C. Rolland ("Rolland Aff.") ¶¶ 2–3.) Defendant is a Delaware corporation, with its principal place of business in Parsippiny, New Jersey. (Complaint ¶ 1; *see* Affidavit of Dondra Benjamin in Opposition to Defendant's Motion to Transfer Venue ("Benjamin Aff.") ¶ 6.)

Pursuant to 14 separate subleases, Plaintiff leased equipment from Defendant. (Complaint ¶¶ 5–18; Benjamin Aff. ¶¶ 2–3.) All negotiations of the subleases took place in Texas. (Roland Aff. ¶ 5.) Defendant executed the subleases in Texas. (*Id.*) The equipment is in Defendant's stores, which are in Texas. (*Id.*)

A Master Lease Agreement ("Master Lease") governs 11 of the subleases. (Benjamin Aff. ¶ 2 & Ex. A, Master Lease.) The Master Lease does not contain a forum selection clause. (*Id.*) A Master Equipment Lease Agreement ("Master Equipment Lease") governs the final 3 subleases. (*Id.* ¶ 3 & Ex. B, Master Equipment Lease.) The Master Equipment Lease contains a forum selection clause, which states:

Lessor and Lessee consent to the jurisdiction of any local, state or Federal court located within [New Jersey], and waive any objection relating to improper venue or forum non conveniens to the conduct of any proceeding in any such court.

(Master Equipment Lease ¶ 30.) The forum selection clause also states that the Master Equipment Lease "SHALL BE GOVERNED BY THE INTERNAL LAWS (AS OPPOSED TO CONFLICTS OF LAW PROVISIONS) OF THE STATE OF NEW JERSEY (STATE)." (*Id.* (emphasis in original).)

On February 19, 1998, Plaintiff filed this action. The First Count is for breach of contract, alleging that Defendant is passed due on its monthly rent payments pursuant to the subleases. (Complaint, First Count.) The Second Count is for future rent payments that may become due. (*Id.*, Second Count.) The Third Count is for the return of the leased equipment due to the defaults on the rent payments. (*Id.*, Third Count.) Finally, in the Fourth Court, Plaintiff seeks to recover damages "in the amount of the Lessor's Return as defined in the Lease." (*Id.*, Fourth Count.)

In support of its motion to transfer venue, Defendant contends that all of its witnesses, including two former employees, reside in Texas. (Roland Aff. ¶ 6.) Defendant's president also states:

If this matter were to proceed to trial in New Jersey, it would significantly interfere with the operation of our business. Additionally, the costs associated with transportation, lodging and travel expenses will be difficult to absorb by a company our size.

(*Id.* ¶ 7.)

Plaintiff's affiant responds that "[a]ll of NCR Credit's original records concerning this matter are located in New Jersey, as are all of its witnesses that would be called to testify at trial." (Benjamin Aff. ¶ 4.) Plaintiff's affiant also states that "[n]o documents or witnesses pertinent to NCR Credit's claim against the defendant are located anywhere other than in New Jersey." (*Id.* ¶ 5.)

## II. DISCUSSION

### A. Transfer for Improper Venue

Defendant argues that venue is not proper because "all defendants reside in the State of Texas[,] all of the events involved, including the signing of the contracts occurred in Texas[,][and] all of the property and equipment leased by the defendants [sic] from the plaintiffs [sic] is, and always has been, located in Texas." (Defendant's Memorandum of Law ("Moving Mem.") at 2.)

Title 28 U.S.C. § 1406(a), entitled "Cure or Waiver of Defects," governs a motion to dismiss or transfer for improper venue. That statute reads, in relevant part:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Both Federal Rule of Civil Procedure 12(b)(3) and Section 1406(a) are designed to operate where the case has been laid in an improper venue.

■ By allowing for transfer in lieu of dismissal, the statute, contrary to Rule 12(b)(3), was designed to prevent any injustice from occurring and save time and resources, should a plaintiff erroneously choose the wrong forum in which to bring an action. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Dismissal is considered to be a harsh remedy in cases such as this, and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy. *Id.; see, e.g., In re Longhorn Sec. Litig.*, 573 F.Supp. 274 (W.D.Okla.1983).

■ When venue is challenged, the plaintiff bears the burden of proving that venue is proper. *Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 925 F.Supp. 411, 412 (D.S.C. 1996) (citation omitted). To determine whether venue is proper in New Jersey, the Court looks to 28 U.S.C. § 1391, which defines and sets forth where venue may properly be laid. *National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F.Supp. 671, 678 (D.N.J.1993). In this case, the Court's

jurisdiction is based entirely on diversity of citizenship under 28 U.S.C. § 1332.

Section 1391(a) specifically states that venue is proper in any civil action wherein jurisdiction is founded only on diversity of citizenship, except as otherwise provided by law, only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

■ Defendant, however, has waived any opposition to improper venue when it agreed to the forum selection clause in the Master Equipment Lease, which governs a substantial portion of each of Plaintiff's four claims. Moreover, 28 U.S.C. § 1391(c) provides that if a defendant is a corporation, it will be deemed to reside "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Plaintiff, in the Master Equipment Lease, consented to this Court's exercise of personal jurisdiction over it. (*See* Master Equipment Lease ¶ 30.) Because Defendant "ha[s] not alleged that this provision was unreasonable or resulted from anything other than an arm's-length bargaining agreement, it is enforceable." *Heller Financial, Inc. v. Shop–A–Lot, Inc.,* 680 F.Supp. 292, 294 (N.D.Ill.1988) (citation omitted). Its consent subjects Defendant to this Court's jurisdiction. *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Heller Financial,* 680 F.Supp. at 294. Thus, pursuant to § 1391(c), Defendant resides in New Jersey.

Accordingly, the Court finds that New Jersey is a proper venue.

### B. *Transfer Venue for Convenience*

The Court will next consider whether a transfer is appropriate for the convenience of the parties. 28 U.S.C. Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of Section 1404(a) is "to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense....'" *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)); *accord Ricoh Co., Ltd. v. Honeywell, Inc.,* 817 F.Supp. 473, 479 (D.N.J.1993).

Since the parties do not contend that the action could not "have been brought" in Texas, the Court does not address that issue.

### 1. *Standard of Review*

■ The decision whether to transfer an action pursuant to Section 1404(a) rests in the Court's discretion and is reviewed for abuse of discretion. *Cf. Lony v. E.I. DuPont de Nemours & Co.,* 886 F.2d 628, 631–32 (3d Cir.1989) (decision to grant or deny *forum non conveniens* motion is within sound discretion of trial court). The party seeking transfer of venue bears the burden of establishing that transfer is warranted and must submit "adequate data of record" to facilitate the Court's analysis. *Ricoh,* 817 F.Supp. at 480. Before transferring venue, the Court must articulate specific reasons for its decision. *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38 (3d Cir.1988); *Ricoh,* 817 F.Supp. at 480.

### 2. *Factors Guiding Court's Discretion*

The Court's analysis under Section 1404(a) is flexible and turns on the particular facts of the case. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29–30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court listed several

factors that guide the Court's decision-making in this area. These factors fall into two categories: (1) the private interests of the litigants; and (2) the public interest in the fair and efficient administration of justice. *Gulf Oil,* 330 U.S. at 508–509, 67 S.Ct. 839.

■ The private interest factors are: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability and cost of compulsory process for unwilling witnesses; (4) obstacles to a fair trial; (5) the possibility of viewing the premises, if viewing the premises would be appropriate to the action; and (6) all other factors relating to the expeditious and efficient adjudication of the dispute. *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839.

■ The public interest factors are: (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating localized disputes; and (4) the appropriateness of having the jurisdiction whose law will govern adjudicate the dispute in order to avoid difficult problems in conflicts of laws. *Id.*

The Supreme Court articulated these factors with respect to a motion to dismiss for *forum non conveniens.* Nevertheless, courts routinely look to the *Gulf Oil* factors in deciding a motion to transfer venue under 1404(a). *E.g., Ricoh,* 817 F.Supp. at 479–88. Because transfer of venue is less drastic than dismissal, however, district courts have broader discretion to transfer venue than to dismiss on *forum non conveniens* grounds. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *All States Freight v. Modarelli,* 196 F.2d 1010, 1011 (3d Cir.1952); *Ricoh,* 817 F.Supp. at 479.

### 3. *Weight Accorded Plaintiff's Choice of Forum*

■ As a general matter, plaintiff's choice of forum is given great weight in the Section 1404(a) analysis. *E.g., Lony v. E.I. DuPont de Nemours & Co.,* 886 F.2d 628, 633 (3d Cir.1989). In a motion to transfer venue, however, Plaintiff's choice of forum is not

accorded the decisive weight it enjoys under *forum non conveniens. See, e.g., Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.,* 844 F.Supp. 1163 (S.D.Tex.1994); *cf. Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (district courts given more discretion to transfer under Section 1404(a) than to dismiss on grounds of *forum non conveniens* ).

Moreover, when the central facts of a lawsuit occur outside of the chosen forum, plaintiff's choice of forum is accorded less weight. *Ricoh,* 817 F.Supp. at 481; *Edwards v. Texaco, Inc.,* 702 F.Supp. 101, 103 (E.D.Pa.1988); *see Johnston v. Foster–Wheeler Constructors, Inc.,* 158 F.R.D. 496, 505 (M.D.Ala. 1994); *S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1188 (N.D.Ill.1983) ("[A]s a general rule, the preferred forum is that which is the center of gravity of the accused activity.").

Furthermore, a plaintiff's choice of a foreign forum is generally accorded less weight that the choice of a home forum. *See Piper,* 454 U.S. at 255–56, 102 S.Ct. 252; *Lony,* 886 F.2d at 633–34; *Ricoh,* 817 F.Supp. at 480; *Vivadent (USA), Inc. v. Darby Dental Supply Co., Inc.,* 655 F.Supp. 1359, 1360 (D.N.J. 1987). Since the rule deferentially viewing plaintiff's choice of forum is premised on the assumption that a home forum is inherently more convenient than a transferee forum, a foreign plaintiff can regain equal footing with a home plaintiff by making a "strong showing" of convenience attaching to the original forum selection. *Lony,* 886 F.2d at 634.

### 4. *Application of the Gulf Oil Factors*

■ The Court concludes that Plaintiff's choice of the New Jersey forum is entitled to great weight in the balancing process. Plaintiff's principal place of business is in New Jersey. Therefore, Plaintiff is choosing a home forum. Another factor strongly supporting this conclusion is the presence of a forum selection clause. "[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum. . . . Although the parties' agreement as to the most proper forum should not receive dispositive weight, it is entitled to substantial consideration." *Jumara v. State Farm Ins.*

*Co.,* 55 F.3d 873, 880 (3d Cir.1995) (citations omitted); *accord Shore Slurry Seal, Inc. v. CMI Corp.,* 964 F.Supp. 152, 156 (D.N.J. 1997). Although the clause provides for venue in New Jersey, it does not provide that New Jersey is the exclusive venue for disputes arising out of the Master Equipment Lease. *See Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 758 & n. 7 (3d Cir.1973). The clause is still, however, a substantial factor weighing against transfer. *Id.; Stewart Org.,* 487 U.S. at 29, 108 S.Ct. 2239 ("The presence of a forum selection clause ... will be a significant factor that figures centrally in the district court's calculus.").

In support of a transfer, Defendant argues that all of its witnesses and documents are in Texas, a trial in New Jersey will cause it financial hardship, two non-party witnesses are in Texas, and the leased equipment is in Texas. (Moving Mem. at 8.) Defendant also argues that all of the events that give rise to the claims occurred in Texas. *(Id.* at 2.) The Court finds that none of these factors outweigh the deference due to Plaintiff's choice of forum and the forum selection clause.

The fact that the events giving rise to Plaintiff's claims appear to have occurred predominantly in Texas does support a transfer. *See S.C. Johnson & Son,* 571 F.Supp. at 1188 ("[A]s a general rule, the preferred forum is that which is the center of gravity of the accused activity.").

Also supporting a transfer is Defendant's contention that two non-party witnesses, who were former employees of the company, reside in Texas. Although Defendant makes no showing that these witnesses are necessary or even important to its defense, or that these witnesses would not be willing to appear at an eventual trial in New Jersey, the amenability of potential witnesses to compulsory process is a factor the Court weighs in a Section 1404(a) analysis. *See Solomon v. Continental Am. Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir.1973) ("the amenability of at least seven crucial witnesses to compulsory process in North Carolina and not in New Jersey" weighed in favor of transfer); *see also* Fed.R.Civ.P. 45(e)(1) (non-party may not be held in contempt for failure to obey subpoena requiring non-party to travel to a place more than 100 miles from the place he or she resides).

Nor should Defendant be compelled, as Plaintiff contends, to offer the testimony of non-party witnesses through videotape. *See Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1051 (N.D.Ill.1982) ("trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured"); *Blender v. Sibley,* 396 F.Supp. 300, 302 (E.D.Pa.1975) (same).

Defendant's remaining private grounds for transfer, its inconvenience, and the location of the equipment, do not support a transfer. Defendant's inconvenience is entitled to significantly less weight than it otherwise would in light of the forum selection clause. *Jumara,* 55 F.3d at 880 ("[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum."); *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989) ("In other words, a valid forum-selection clause may waive a party's right to assert his own inconvenience as a reason to transfer a case, but district courts still must consider whether the 'interest[s] of justice' or the 'convenience of ... witnesses' require transferring a case.") (citations omitted) (change and omission in original).

Even if the Court were to fully consider Defendant's inconvenience, the Court finds that its showing of inconvenience is insufficient. Defendant merely provides conclusory, unsubstantiated assertions of economic hardship. Such evidence is insufficient to justify a transfer, particularly where a transfer merely shifts the burden of litigating in a distant forum to the plaintiff. In *Heller Financial,* the court rejected a similar showing:

> Defendants assert that litigation in Illinois would place an extreme financial burden on them. Notwithstanding this claim, defendants have failed to establish that their financial plight would prevent them from defending against [Plaintiff's] suit in Illinois. Aside from unsubstantiated assertions of financial hardship in two affidavits, defendants have offered no evidence to support their contention that the Illinois forum would seriously inconvenience them. Unpersuaded by defendants' conclusory

claims of inconvenience, this court sees no reason to transfer the case—especially since a transfer would merely shift the inconvenience onto [plaintiff], whose witnesses, records, and counsel are all located in Chicago.

680 F.Supp. at 296; *see also Kirschner Bros. Oil, Inc. v. Pannill*, 697 F.Supp. 804, 807 (D.Del.1988) ("Even if a transfer would significantly benefit Defendants, the Court will not grant the motion if the result merely would shift the inconvenience from Defendants to [Plaintiff]; the net convenience must increase.") (citations omitted). All of Plaintiff's witnesses and documents are in New Jersey. Therefore, a transfer would just add to the convenience of Defendant at the expense of Plaintiff.

Furthermore, while counsel might be inconvenienced moving the documents from Texas to New Jersey in the event of a trial, convenience of counsel is not a factor to be considered in determining whether to transfer venue pursuant to Section 1404(a). *See Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1046 (3d Cir.1973); *Hardaway Constructors v. Conesco Indus., Ltd.*, 583 F.Supp. 617, 621 (D.N.J.1983); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F.Supp. 106, 112 (D.Del.1992); *Complaint of Bankers Trust Co.*, 640 F.Supp. 11, 13 n. 2 (E.D.Pa.1985). *But see* 3A Charles A. Wright, *Law of Federal Courts* § 44 at 265–66 (4th ed.1983) (criticizing refusal to take into account convenience of counsel). Moreover, there is no indication that the records or other documents that Defendant would utilize at trial are so voluminous that shipping them to New Jersey would create undue burden.

Finally, the location of the equipment does not support a transfer on this record. Defendant does not claim that the equipment could not be moved to New Jersey. More importantly, Plaintiff does not explain why it would even be necessary for the equipment to travel to New Jersey. The Court does not see why any inspections, to the extent that they are somehow relevant, could not be done in Texas. Under such circumstances, the fact that the leased equipment is in Texas

does not support a transfer. *See Shore Slurry*, 964 F.Supp. at 157–58.

Thus, the only private factors supporting a transfer are the fact that the central events appear to have occurred in Texas and two witnesses that are unamenable to compulsory process reside in Texas. These factors simply do not outweigh the deference due to Plaintiff's choice of forum and the forum selection clause.

█ The Court also finds that the *Gulf Oil* public factors also fail to support a transfer. While Texas may have an interest in this case because the most substantial portion of the events giving rise to Plaintiff's claims occurred in Texas, New Jersey also clearly has an interest in this case—protecting a forum corporation from the alleged wrongful acts of a non-forum corporation. Also, the Master Equipment Lease provides that New Jersey law will govern the merits of the dispute. Obviously this Court has more familiarity with New Jersey law than a district court in Texas. "[J]ustice requires that, whenever possible, a diversity case should be decided by the court most familiar with the applicable state law." *Heller Financial*, 680 F.Supp. at 296 (citing *Gulf Oil*, 330 U.S. at 509, 67 S.Ct. 839) (holding that fact that equipment lease agreement provided that Illinois law governs any disputes, and that, therefore, trial court would have to apply Illinois law, "militate[d] against transfer" from Illinois to Louisiana); *see Shore Slurry*, 964 F.Supp. at 158. Granted, New Jersey law may not apply to the portions of each claim that are governed by the Master Lease (as opposed to the Master Equipment Lease). Therefore, while this factor might be neutral and not favor transfer, it certainly does not support a transfer.

## III. *CONCLUSION*

For the foregoing reasons, the Court **denies** Defendants' motion to transfer venue. An appropriate Order accompanies this Opinion.

## *ORDER*

The Opinion filed this day is a revised version of a previously filed Opinion. This Opin-

ion is revised for publication, contains stylistic changes only, and is not intended to alter the Court's ruling.

SO ORDERED.